## WARREN v. STATE OF INDIANA

[No. 27,456.  Filed April 7, 1941.]

*Sheldon M. Wheeler* and *John J. Gould,* both of Indianapolis, and *James E. Hurt,* of Martinsville, for appellant.

*George N. Beamer,* Attorney General, and *Walter O. Lewis,* Deputy Attorney General, for the State.

FANSLER, J.—The appellant shot and killed his wife. He was charged with and convicted of murder in the first degree and sentenced to life imprisonment. He

admitted the killing, but defended upon the ground that he was insane at the time.

Error is predicated upon the overruling of his motion for a new trial.

Only four of the specified grounds for a new trial are presented.

The first is that a juror had expressed an opinion concerning the guilt of the defendant and concealed the fact on his *voir dire* examination. The court heard evidence upon the subject, which was conflicting. It is well settled that this court will not disturb the decision of the trial court upon such questions when it is based upon conflicting evidence.

The verdict of the coroner was admitted in evidence. Afterward the court reversed its ruling, and instructed the jury not to consider the evidence. The defendant moved to withdraw the submission, and contends that the admission of the evidence was not cured by the instruction withdrawing it. "Where improper evidence has been admitted over objection and the trial court subsequently withdraws such evidence from the consideration of the jury, it will be presumed that the error has been cured, unless the contrary is made to appear." *Ross* v. *State* (1933), 204 Ind. 281, 296, 182 N. E. 865, 870. There is no showing that the appellant was harmed, notwithstanding the withdrawal of the evidence.

The third specification is that it was error for the court to permit a witness, a state policeman, to testify as to appellant's sanity, for the reason that the witness only saw and talked to the appellant once. This objection goes to the weight and not to the admissibility of the evidence.

The fourth specification is that it was error to give

an instruction to the effect that "the mental condition of the accused, whether that condition be occasioned by voluntary intoxication or otherwise, is a factor to be considered." It is conceded that the instruction correctly states the law, but that there was no evidence to which it was applicable. The sole controversy involved the question of sanity. There was much evidence that the appellant habitually used intoxicants, and some evidence that he was intoxicated on occasions shortly preceding the homicide. There was evidence which might have sustained an inference that he was intoxicated at the time of the homicide. It does not appear that the instruction was improper.

The appellant's argument is concluded with the suggestion that, while perhaps none of the errors discussed would be sufficient standing alone to justify a reversal, considered together, with all of the evidence in the case, they indicate that the appellant did not have a fair and impartial trial. We have carefully examined the record and all of the evidence. The evidence on the question of insanity was conflicting. The court on its own motion appointed two physicians to examine the defendant, and they were called by the court and testified as experts that, in their opinion, he was of sound mind at the time of the homicide. The jury was fully and fairly instructed, and the conclusion cannot be avoided that the jury must have understood that if they had any reasonable doubt of the sanity of the defendant it was their duty to acquit him. Upon the whole record it appears that the defendant had a fair trial and that his substantial rights were fully protected.

Judgment affirmed.

NOTE.—Reported in 33 N. E. (2d) 105.