STALLINGS *v*. STATE OF INDIANA.

[No. 28,963.  Filed October 15, 1953.  Rehearing denied
December 3, 1953.]

*Ted Lockyear, Jr.* and *Russell S. Armstrong,* both of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, and *Frank E. Spencer,* Deputy Attorney General, for appellee.

FLANAGAN, J.—The appellant, a man 34 years old, was charged with raping a 13-year-old girl. Upon trial by jury, he was found guilty of the included charge of assault and battery with intent to commit a felony.

On this appeal, he contends that the trial court erred (1) in refusing to permit his attorney to read from a certain medical treatise upon cross-examination of a doctor witness, (2) in permitting the prosecuting attorney to ask the prosecuting witness certain leading questions, (3) in admitting in evidence an alleged written confession of appellant, and (4) in denying appellant's request for continuance after the State, during the trial, amended its affidavit changing the date of the alleged crime from July 27, 1951, to July 30, 1951.

We will consider these four contentions in the above order of presentation.

*Contention No. 1.* In the course of the trial, Dr. J. W. Visher testified that he examined the girl about 12 days after the alleged act and found an apparently healing tear near the vagina, between the vagina and the rectum. Upon cross-examination, counsel for appellant sought to show that such tear could have been caused from things other than attempted rape. During his inquiry he asked the doctor if he was acquainted with "Herzog's Medical Jurisprudence." The doctor replied that he had never read the book. No other effort was made to establish the book as an authority. However, counsel proceeded to read from it and question the doctor concerning such quotations. The court sustained objections. We think the

court was quite right. If the doctor had never read the book, and it was not established in any way as an authority, he should not be asked to answer questions concerning its contents.

*Contention No. 2.* The prosecuting witness, then 14 years old, was having understandable difficulty in describing the acts with which she charged appellant. The acts themselves had been described in general terms. The leading questions complained of concerned technical nomenclature. We cannot see wherein the appellant was harmed by the court's ruling. This court has recognized the propriety of relaxing the rule against leading questions in cases of the kind now before us. In the case of *Polson* v. *State* (1894), 137 Ind. 519, 523, 35 N. E. 907, 909, the defendant was convicted of assault and battery with intent to commit rape. He complained, as here, that the prosecuting witness was permitted to answer leading questions. This court there found that no harm resulted and used the following language:

> "The witness was young and inexperienced, and by reason of this fact we presume the trial court thought it necessary to relax the rule, to some extent, as to the form of the questions to be propounded to her."

*Contention No. 3.* Before the written confession was admitted in evidence, the trial court heard evidence on the question as to whether it had been obtained by fraud, fear, trickery, or improper inducement. That evidence was conflicting. It was sufficient to sustain the court's ruling. We cannot here weigh that conflicting evidence. *Schuble* v. *State* (1948), 226 Ind. 299, 79 N. E. 2d 647.

*Contention No. 4.* During the direct examination of the State's first witness, the State asked and was

granted permission to amend its affidavit by changing the date of the alleged crime from July 27, 1951, to July 30, 1951. The law is well settled in Indiana that where time is not of the essence of the offense, the State is not confined to proving the commission on the date alleged in the affidavit or indictment, but may prove the commission at any time within the statutory period of limitations. *Perfect* v. *State* (1926), 197 Ind. 401, 409, 141 N. E. 52; *Moag* v. *State* (1941), 218 Ind. 135, 31 N. E. 2d 629. However, it is understandable that in some cases where the date is changed during trial, and particularly in view of our alibi statute, §9-1631, Burns' 1942 Replacement, a defendant might be harmed unless permitted time to meet the charge as changed. But it necessarily follows that showing should be promptly made to the trial court of the need for a continuance. In this case there was no such prompt showing. The State was permitted to conclude its case. Its witnesses were cross-examined by appellant. Then, and not until then, appellant asked for a continuance to meet the charge as changed. We think this motion came too late and the court was justified in denying it.

We find no reversible error in the record.

Judgment affirmed.

Gilkison, J., not participating.

NOTE.—Reported in 114 N. E. 2d 771.