## WARD *v.* STATE OF INDIANA.

[No. 30,556. Filed March 12, 1965. Rehearing Denied
April 19, 1965.]

*Lawrence Boorman* and *Grace B. DeArmond,* of Anderson, for appellant.

*Edwin K. Steers,* Attorney General, and *Frederick J. Graf,* Deputy Attorney General, for appellee.

PER CURIAM.—The appellant, Harrell R. Ward, was charged and tried before a jury and was convicted of the crime of incest committed upon his daughter, Lolita Ward, a nine year old child at the time of the offense. He assigns as sole error the overruling of his motion for a new trial.

The evidence consisted of the testimony of a daughter who, at the time of the trial, was eleven years of age. She stated that the act of incest took place in the garage on the premises where she lived. The confession of the appellant was introduced in evidence, admitting the act and other previous acts committed upon his daughter.

The alleged errors raised are quite numerous, and we shall take them up in the order presented in the briefs.

It is first complained that the appellant was prejudiced by the granting of a continuance to the State on the day first fixed for the trial (January 22, 1963). The State in its continuance alleged that they had an agreement for the appellant to plead guilty to a lesser offense and that the appellant repudiated the agreement and the State therefore was not ready for trial on the date fixed.

The court granted a further continuance on February 5, 1963 and the case was finally tried on June 18, 1963.

We are not concerned in this case with the delay in bringing the appellant to trial beyond the two term and

three term rule. Burns' Ind. Stat. Anno. §§1402, 1403 (1956 Repl.). We are concerned merely with the discretion of the trial court within reasonable time limitations in granting a continuance. It is well settled that "A ruling on a motion for a continuance is reviewable, but only for abuse of discretion clearly shown." 9 I.L.E., Criminal Law, §721, p. 224. Without going into detail, we can find no abuse of discretion in this case.

The appellant claims error by reason of the court's overruling his written motion for a psychiatric examination of Lolita Ward, the prosecutrix, and the overruling of his objections to the competency of Lolita Ward as a witness. The appellant claims that the eleven year old girl was suffering from mental and moral delusions and imaginations. The record shows that prior to permitting the girl to testify, the court interrogated her outside the presence of the jury with reference to her understanding of an oath and her duty to tell the truth and other related matters. The court was apparently satisfied with her mental condition and her understanding as a witness, and thereupon overruled the objections of the appellant.

We further point out that appellant did not cross-examine the witness for the purpose of demonstrating his claim with reference to his objections, nor did he offer any evidence in support of his position that the child was incompetent and mentally unstable. Her competency as a witness was a matter for the court to determine. There is no statute in Indiana making provision for a psychiatric examination of a prosecuting witness in a sex case. Whether there is sufficient ground for a psychiatric examination of a prosecuting witness is a question of fact for the trial court to determine. *Lamar* v. *State* (1964), 245 Ind. 104, 195 N. E. 2d 98. We find the trial court committed no error.

It is next argued that the deputy prosecuting attor-

ney committed error for alleged prejudicial conduct in making an opening statement to the jury. It is claimed that the prosecuting attorney

" . . . cleverly planted in the minds of the jurors that when Appellant was arrested the early morning of April 5, 1962, he confessed to the State Police that he had committed a sexual act of intercourse with his daughter, not confining it to the specific date charged in the affidavit. . . . "

We do not find the record bears out the conclusions intimated by the above statement. There were two statements the prosecuting attorney had started to make and was interrupted by objections and were not completed. No alibi was pleaded in this case, and if other acts of misconduct were referred to as occurring within the statute of limitations, we can find no proper error therein.

The prosecutor, in making an opening statement under the statute, may state matters of law and also facts he expects to prove. It is not pointed out that he made any misstatement of fact which the evidence failed to cover in the trial of the case and that there was any prejudice resulting therefrom. Burns' Ind. Stat. Anno. §9-1805 (1956 Repl.) ; 8 I. L. E., Criminal Law §383, p. 436.

" . . . The conduct of counsel in the presentation of argument to the jury is within the discretionary control of the trial judge in the first instance, and unless there is an abuse of this discretion which is clearly prejudicial to the rights of the accused, the ruling of the trial court should not be disturbed. *Soucie* v. *State* 1941, 218 Ind. 215, 31 N. E. 2d 1018; *Combs* v. *State, supra.*" *Kallas* v. *State* (1949), 227 Ind. 103, 125, 83 N. E. 2d 769, 778, cert. den., 69 S. Ct. 744, 336 U. S. 940, 93 L. Ed. 1098.

It is next contended that the prosecuting attorney was improperly permitted, over objections, to ask cer-

tain leading questions of Lolita Ward as a witness. These concerned the sexual acts involved in the alleged crime. We have said:

> " 'The witness was young and inexperienced, and by reason of this fact we presume the trial court thought it necessary to relax the rule, to some extent, as to the form of the questions to be propounded to her.' " *Stallings* v. *State* (1953), 232 Ind. 646, 648, 114 N. E. 2d 771, 773.

Upon examination of the questions and answers in this respect, we find the trial court acted within its judicial discretion.

The next error claimed is that the court erred in overruling defendant's objections to certain questions asked the prosecuting witness regarding a written statement she had signed. These are a number of questions in which objections were made on the grounds that the questions called for hearsay, attempts to impeach the State's own witnesses, and that the matter was self-serving, etc. It is now claimed these questions built up prejudice in the minds of the jury. The record shows that the judge excluded the exhibit in question, and it was not presented to the jury, and the trial judge further admonished the jury to disregard any facts or statements regarding the same. If improper evidence were admitted here, there would still be a question as to whether or not it was prejudicial. We have said:

> " ' . . . "Where improper evidence has been admitted over objection and the trial court subsequently withdraws such evidence from the consideration of the jury, it will be presumed that the error has been cured, unless the contrary is made to appear." . . .' *Warren* v. *State* (1941), 218 Ind. 378, 380, 33 N. E. 2d 105." *Temple* v. *State* (1964), 245 Ind. 21, 195 N. E. 2d 850, 853.

Appellant next urges that the court erred because if he had asked a question of the appellant while on the

stand, the court would then hold that the State had a right to go into the matter of a conversation referred to in the question. The appellant did not ask the question, but withdrew it. So far as the record shows, there was no error committed by the court. It was merely a matter of whether or not the appellant desired to ask the question, and if so, whether he anticipated that the court might rule adversely on questions to be asked by the other side. The trial court never reached that point of ruling adversely to appellant, although the record does show that the court advised the defendant that if he asked the question, it would open up new matter with reference to a conversation the defendant had with an officer. The appellant in his brief states:

"For the first time in the experience of Appellant's counsel, they stood in a Court of Indiana and found out that they could not ask a defendant in a criminal case whether or not he specifically denied what a State's witness had said against him."

In our opinion, this is hardly correct, since the appellant's counsel would have been permitted to ask the question, but would have run the risk of having opposing counsel interrogate about the conversation that was denied. Error for reversal cannot be predicated upon an anticipatory ruling of a court. We cannot rule upon a moot question of error.

Appellant next claims error because the court sustained an objection to his question to the court reporter to state how many times the record showed Lolita Ward had answered as a witness "I don't remember." The excluding of the statement of the court reporter of this statistical information was not error in any respect. The jury heard the testimony, it was all in the record, and the facts were before them, whether the court reporter so stated or not. Incidentally,

it is. pointed out in the brief by the State that the answer "I can't remember" was allegedly made 38 times in response to more than 585 questions asked of the witness, as shown by the record.

It is next contended that the court erred in refusing to withdraw the submission of the cause from the jury because of prejudicial answers given by State's witness, officer Snider, on direct examination. Appellant states that the prejudicial answer is as follows:

> "Q. Trooper Snider tell the court and jury whether or not there was any conversation regarding happenings while Mr. Ward lived with the family in Madison County.
>
> "A. Yes sir.
>
> . . .
>
> "Q. Would you please relate that conversation to the court and jury?
>
> . . .
>
> "A. I asked Mr. Ward if he knew of the statements that had been made by his wife and daughter. He said, no."

Appellant's attorney does not set out in the brief what the specific objections were to this question. We find, however, in the motion for a new trial that the objection is stated as follows:

> "MR. BOORAM: Now, I object, if the court please to this witness entering into that because it is already before the jury the length of time the Wards lived in Madison County. It covers a period of several months. It is still too remote, too irrelevant and does not allege any particular time at all.
>
> . . .
>
> "JUDGE: I'm overruling your objection. The court is instructing you to relate conversation and not summarize."

Although the brief in the argument section does not set out the full objections, again we set them out here:

"MR. BOORAM: I object. You were asked to give a conversation.

"A. I asked Mr. Ward if he knew of the statements that had been made by his wife and daughter. He said, no.

"MR. BOORAM: Again, the State is getting into something here. I'd like to have the jury excused, please."

Appellant's attorney then asked the court to withdraw the submission and discharge the jury on the ground of prejudice. It will be noted that appellant's attorney at one place stated that the question asked for a conversation, and no objection was made thereto until after the conversation was stated. It appears to us that the objection should have been made to the question rather than to the answer, if the question was thought objectionable.

It is further pointed out that the record does not show that the court ever ruled upon the motion to withdraw the submission from the jury nor that appellant's attorney insisted upon the court making a ruling thereon. The questioning continued thereafter. The court did sustain appellant's objections with reference to questions as to conversations of the wife and daughter outside the presence of the accused, and thus ruled in favor of the appellant in excluding the testimony. The court also admonished the jury to disregard any inferences to be drawn from any such conversation, if it took place. We find no error in the court's actions. *Temple* v. *State* (1964), 245 Ind. 21, 195 N. E. 2d 850.

Appellant complains of error because the court admitted exhibits 6 and 7 after they were identified by the appellant. These exhibits were cards signed by the appellant. One of them stated briefly that he had been instructed how to operate a truck

safely and had read instructions therefor; the other that he had read instructions regarding employees' safety. The State contended that they were admissible to show that the appellant was able to read, since he had stated that he was unable to read and did not know what his written confession stated. We do not find the admission of evidence which tended to show that the appellant could read was error, in the face of his statement that he could not read.

It is next urged that the written confession of the appellant was not voluntary and was given under fear. The evidence before the court in this respect shows that Detective Allen saw the appellant early the morning of April 5, 1962 in Pendleton and saw him again the next morning on April 6, 1962 in the Madison County jail. It was at that time that the confession was typed and read to the appellant before he signed it. Detective Allen said he typed the statement on the basis of information furnished by the appellant and saw the appellant sign it. The testimony further shows that there was no physical violence of any sort or threats involved. The testimony is further that Detective Allen told the appellant that he did not have to sign it and he asked the appellant if the contents were true after it was read to him. The appellant stated that it was. Both Detective Allen and Deputy McCourtney witnessed the appellant's signature. McCourtney substantiated and corroborated the testimony of Detective Allen. There was substantial evidence to support the finding of the trial court that the confession was voluntary. We have said in *Stallings* v. *State* (1953), 232 Ind. 646, 648, 114 N. E. 2d 771, 773:

" . . . Before the written confession was admitted in evidence, the trial court heard evidence on the question as to whether it has been obtained by fraud, fear, trickery, or improper inducement. That evidence was conflicting. It was sufficient to sustain the court's ruling. We cannot here weigh

that conflicting evidence. *Schuble* v. *State* (1948), 226 Ind. 299, 79 N. E. 2d 647."

The appellant next contends that the court erred in striking out an answer to a hypothetical question of a medical expert offered by the appellant. The record shows that a hypothetical question was asked and that a motion was made to strike the answer "because it was not responsive to the question" and "it is based on assumptions and things that have not been introduced in evidence." The court sustained the motion to strike. Immediately thereafter the appellant asked substantially the same question, with some broadening thereof, and the judge ruled that the answer should stay in. We cannot find that the appellant was prejudiced by the exclusion of the first answer. A reading of the transcript reveals that the trial court was liberal in admitting the answers of a medical expert as to hypothetical questions presented, and there is no showing of the exclusion of any testimony to the prejudice of the appellant.

Appellant next contends error was committed in the court admitting in evidence parts of the written confession of the appellant which concerned improper acts of sexual intimacy between the appellant and his daughter other than the one for which the appellant was being tried. Appellant cites the case of *Brown* v. *State* (1953), 232 Ind. 227, 111 N. E. 2d 808, which concerned a charge of kidnapping. However, the law is well settled that evidence regarding other sex offenses similar to that charged is admissible. *LaMar* v. *State* (1964), 245 Ind. 104, 195 N. E. 2d 98; *Estes* v. *State* (1964), 244 Ind. 691, 195 N. E. 2d 471.

Appellant next contends that the trial court erred in overruling the motion for a directed verdict of not guilty at the close of State's evidence. This is not well taken, since it is waived by a defendant after the introduction of evidence in defense. *Tait*

v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537; *Warren* v. *State* (1963), 243 Ind. 508, 188 N. E. 2d 108.

Appellant contends that the court erred in refusing to give tendered instructions 2, 11, 19, 23 and 33. Aside from the fact that these instructions have certain ▉ imperfections therein, we further point out that they are covered by the court's instructions 8 and 12, and 14 to 18, inclusive, and court's instruction 23. *Eastin* v. *State* (1954), 233 Ind. 101, 177 N. E. 2d 124.

Finally, the appellant urges that the court erred in failing to give defendant's peremptory instruction to return a verdict for the defendant. This instruction ▉ at the close of all the evidence, amounts to nothing more than asking the trial court to determine whether there is any evidence to support the State's case. It is only when there is an absence of substantial evidence upon an essential element of an alleged crime that the court must give such a directed verdict. *Weaver* v. *State* (1963), 243 Ind. 560, 187 N. E. 2d 485.

We have reviewed the evidence and all the contentions of the appellant herein, which are quite numerous and detailed. The evidence, at most, was only conflicting. The court in such event cannot weigh the evidence nor determine the credibility of the witnesses. The issues of fact in such a case must go to the jury and a directed verdict would have been improper. *Denson* v. *State* (1960), 240 Ind. 324, 163 N. E. 2d 749; *Byrd* v. *State* (1962), 243 Ind. 452, 185 N. E. 2d 422.

We find no reversible error committed by the trial court in this case, and the judgment is affirmed.

Jackson, J., concurs in result.

NOTE.—Reported in 205 N. E. 2d 148.