Leroy J. RICKETTS, Appellant,

v.

STATE of Indiana, Appellee.

No. 1284S508.

Supreme Court of Indiana.

Oct. 28, 1986.

Barry L. Standley, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Leroy J. Ricketts was convicted at the conclusion of a jury trial in the Vanderburgh Circuit Court of two counts of child molesting, a class C felony. He was further adjudged to be an

habitual offender. He was sentenced to two consecutive five (5) year terms, one of which was enhanced by thirty (30) years due to the habitual offender finding. The following issues are raised on direct appeal:

1. the testimony of one of the victims, D.A.;

2. the admission of Appellant's written statement; and

3. the denial of Appellant's motion for judgment on the evidence, and allowing the State to amend the information.

J.A. and D.A. are the two victims in this case, and were aged 8 and 5, respectively, at the time of the offense. Appellant had been an acquaintance of their mother for two or three years. Appellant babysat for the girls on numerous occasions. On one occasion, J.A.'s mother returned home to find Appellant lifting J.A.'s skirt. J.A. was found competent to testify, and stated that Appellant had lifted her skirt, stuck his tongue in her mouth, and touched her with his "weenie." She used a doll, State's Exhibit No. 1, to show Appellant had touched her between her legs. D.A. was also found competent to testify, and identified Appellant. She further testified that Appellant kissed her. She acknowledged that Appellant touched her somewhere bad and that she was afraid to say where. The trial court then allowed the mother to enter the courtroom in order to calm D.A., and to tell her it was proper for D.A. to touch the doll where Appellant had touched her. Appellant objected to the prosecutor's line of questioning as being suggestive, and to the trial court's allowing the mother to enter the courtroom and talk to her daughter. The objections were overruled. D.A. then used State's Exhibit No. 1 to show that Appellant touched her between her legs.

Police Officer Charles Patton testified he investigated this complaint, and that after being advised of, and waiving, his *Miranda* rights, Appellant gave a statement implicating himself. Appellant admitted his penis touched D.A. between her legs and that he fondled her between her legs with his hands. He also admitted that he asked J.A. to pull down her panties, and that his penis touched between her legs as he got on top of her and rubbed himself against her.

**I**

Appellant first alleges the trial court erred in allowing the prosecuting attorney and D.A.'s mother to lead and coerce D.A.'s testimony.

The decision to allow a leading question is largely within the discretion of the trial court; on appeal, it must be shown there was an abuse of discretion. *King v. State* (1984), Ind., 460 N.E.2d 947, 951, *reh. denied* (1984). In *Stallings v. State* (1953), 232 Ind. 646, 114 N.E.2d 771, *reh. denied* (1953), a fourteen year old victim was raped. At the trial, the prosecution was allowed to guide the victim's testimony. We approved this, and quoted *Polson v. State* (1894), 137 Ind. 519, 35 N.E. 907, *reh. denied* (1894):

> "The witness was young and inexperienced, and by reason of this fact we presume the trial court thought it necessary to relax the rule to some extent as to the form of the questions to be propounded to her."

*Stallings,* 232 Ind. at 648, 114 N.E.2d at 773.

In the present case, D.A. was only five (5) years old. It is undeniable, upon reviewing the record, that D.A. was frightened, and thought she was being asked to do something improper. The procedure followed, as well as the form of questioning, was meant solely to calm her. There were no covert conversations, and all communication between the prosecuting attorney, D.A., and her mother is set out in the record. The form of questioning here was not an attempt to control the witness' testimony. We find no error.

**II**

Next, Appellant maintains the trial court erred in admitting a written statement taken from him. He argues that the *corpus delicti* was not sufficiently established. Appellant specifically contends the *corpus*

*delicti* was not proven because no time frame for the offense was ever established.

In order for a confession to be admitted at trial, corroborating evidence of the *corpus delicti* must be introduced. To establish such, independent evidence must be presented which shows that the criminal act actually occurred. The *corpus delicti* need not be proven beyond a reasonable doubt, and may be established by circumstantial evidence. *Graham v. State* (1984), Ind., 464 N.E.2d 1, 7, *reh. denied* (1984).

■ Prior to admission of the statement, the two victims testified as set forth above. This clearly established the *corpus delicti*. Appellant's argument that no time frame was established must be rejected because the time is not of the essence of this offense. While there was some confusion as to whether each offense occurred on the exact date set forth in the information, this confusion does not at all affect the establishment of the *corpus delicti*. The victims' testimony that they were molested in the winter, after Christmas, when it was cold, sufficiently established the time of the incidents.

### III

Appellant contends the trial court erred in denying his motion for judgment on the evidence filed after the State had rested its case and in allowing the State to amend the information at this point.

A judgment on the evidence in a criminal proceeding is proper only where there is a total absence of evidence on some essential issue, or where the evidence is without conflict and susceptible to only one inference, in favor of the defendant. *State v. Lewis* (1981), Ind., 429 N.E.2d 1110, 1114, *cert. denied* (1981), 457 U.S. 1118, 102 S.Ct. 2931, 73 L.Ed.2d 1331.

■ The evidence at trial actually showed that the offense against J.A. occurred on January 6, rather than February 7, and that the offense against D.A. occurred on February 5, rather than January 6. Appellant claims that since the State did not prove the offenses occurred on the

dates charged, a judgment on the evidence in his favor would have been proper. We see no merit to this contention. Each of the informations charging violations of each victim stated it was on or about the date stated therein. No alibi was filed by Appellant here, and the changed dates were within the statute of limitations for these offenses. Therefore, time was not of the essence, and the variance was not fatal, particularly since Appellant does not claim or show that he was prejudiced by the change in time or that it changed his position with reference to any defenses he had to the charge because of said change. *Tapp v. State* (1971), 256 Ind. 422, 426, 269 N.E.2d 367, 369; *Brown v. State* (1980) Ind.App., 403 N.E.2d 901, 916, *tr. denied* (1980).

■ In order to make it less confusing, the prosecutor then moved to amend the informations to conform to the evidence so that the information would charge that the offense against J.A. occurred on January 6, rather than February 7, and the offense against D.A. would read February 5, rather than January 6. The trial court found this was not a substantive amendment and further found that if the State could introduce evidence that was at variance with the time alleged in the information, it should be permitted to amend the information in that same manner. We agree with the trial court's logic here. The proof of the State here was sufficient to sustain its charges since, as we explained above, time was not of the essence. Therefore, the amendments allowed here did not change the positions of either of the parties, and would be harmless error if indeed they were error at all. An amendment of the information is permissible if the substantial rights of the defendant are not affected. *Radford v. State* (1984), Ind., 468 N.E.2d 219, 222; *Belcher v. State* (1983), Ind., 453 N.E.2d 214, 216; *Lacy v. State* (1982), Ind., 438 N.E.2d 968, 972; Ind.Code § 35–34–1–5(c) (Burns 1985). Appellant shows no prejudice since he did not

claim an alibi defense nor does he claim he had one for the dates as amended.

The trial court is affirmed.

GIVAN, C.J., and SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.