**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

**FILED**
Mar 31 2014, 6:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRANDON E. MURPHY**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TONY DALE WILSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 05A04-1307-CR-369 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BLACKFORD CIRCUIT COURT
The Honorable Dean A. Young, Judge
Cause No. 05C01-1301-FC-10

**March 31, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Tony Dale Wilson appeals from his conviction of child molesting[1] as a Class C felony, contending that there was a fatal variance between the dates set forth in the charging information and the evidence at trial, that the testimony of the complaining witness was incredibly dubious, and that his sentence is inappropriate.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In 2011, W.M., who was nine years old, lived with his mother, his younger half-sisters, and his half-sisters' father in a house in Montpelier, Indiana. Wilson was a long-time family friend of W.M.'s mother, who allowed Wilson to live with the family on two occasions in 2011; once during several months including the summer, and the second time in November and December. W.M. and Wilson each had their own bedrooms, which were adjacent to each other.

W.M. recalled five occasions when Wilson had touched him inappropriately. The first occurred when W.M. and Wilson were sitting together watching television in Wilson's bedroom. Wilson reached inside W.M.'s shirt and touched him on the nipples. The second touching occurred with W.M. and Wilson were watching television together in the living room while W.M.'s mother and half-sisters were outside. Wilson reached inside W.M.'s clothing and touched W.M.'s buttocks, "kind of" moving his hand around, and "rubbing his hand on W.M.'s butt." *Tr.* at 29-30. Afterward, Wilson told W.M. not to mention the incident to his mother. On the third occasion, Wilson came into W.M.'s bedroom and

---

[1] *See* Ind. Code § 35-42-4-3.

fondled W.M.'s penis, which W.M. described as the "thing" that W.M. uses for "going to pee," underneath his clothing. *Id*. at 30-31. The fourth time that Wilson touched W.M. occurred in W.M.'s backyard. Wilson touched W.M.'s penis through the outside of his swimming trunks. The fifth touching occurred when Wilson and W.M. were in the kitchen of the house. Wilson rubbed W.M.'s buttocks underneath his clothing.

Ultimately, W.M. told his mother about the incidents. On January 9, 2013, the State charged Wilson with child molesting as a Class C felony. The information alleged that "between November 1, 2011 and December 23, 2011, in Blackford County, State of Indiana, [Wilson] did perform or submit to fondling or touching with W.M., a child under the age of fourteen years with the intent to arouse or satisfy the sexual desires of the child or defendant . . . ." *Appellant's App*. at 17. After the State presented its case through the testimony of W.M. and W.M.'s mother, Wilson moved for a directed verdict arguing that the evidence had failed to establish the commission of the offense within the dates alleged in the charging information. The trial court denied Wilson's motion, and after closing argument and deliberations, the jury found Wilson guilty as charged. The trial court sentenced Wilson to a term of eight years, with six years executed in the Indiana Department of Correction and two years suspended to probation. Wilson now appeals.

**DISCUSSION AND DECISION**

Wilson argues that because there was no proof that the molestations occurred during the range of time set forth in the charging information, reversal is required because there was a fatal variance between the proof at trial and the allegations of the charging information. We have stated the following about allegations of variance:

A variance does not necessarily require reversal. *Mitchem v. State*, 685 N.E.2d 671, 677 (Ind. 1997). The test to determine whether a variance is fatal is:

(1) was the defendant misled by the variance in the evidence from the allegations and specifications in the charge in the preparation and maintenance of his defense, and was he harmed or prejudiced thereby;

(2) will the defendant be protected in [a] future criminal proceeding covering the same event, facts, and evidence against double jeopardy?

*Allen v. State*, 720 N.E.2d 707, 713 (Ind. 1999). Put another way, if the variance either misleads the defendant in the preparation of his defense resulting in prejudice or leaves the defendant vulnerable to double jeopardy in a future criminal proceeding covering the same event and evidence, then the variance is fatal. *Winn v. State*, 748 N.E.2d 352 [,356] (Ind. 2001).

*Broude v. State*, 956 N.E.2d 130, 135-36 (Ind. Ct. App. 2011).

"In general, the precise time and date of the commission of a child molestation offense is not regarded as a material element of the crime." *Baker v. State*, 948 N.E.2d 1169, 1174 (Ind. 2011). "[T]ime is not of the essence in the crime of child molesting." *Barger v. State*, 587 N.E.2d 1304, 1307 (Ind. 1992). "It is difficult for children to remember specific dates, particularly when the incident is not immediately reported as is often the situation in child molesting cases." *Id.* "The exact date become important only in limited circumstances, including the case where the victim's age at the time of the offense falls at or near the dividing line between classes of felonies." *Baber v. State*, 870 N.E.2d 486, 492 (Ind. Ct. App. 2007). "[T]he State is only required to prove that the offense occurred any time within the statutory period of limitations; the State is not required to prove the offense occurred on the precise date alleged in an information." *Neff v. State*, 915 N.E.2d 1026, 1032 (Ind. Ct. App. 2009). At the time Wilson committed the crime and was charged in the present case, Class C felony child molesting carried a five-

4

year statute of limitations. Ind. Code §35-41-4-2(a). Wilson does not dispute that any range within the year 2011 would show that the commission of the offense falls within the five-year statute of limitations. Furthermore, Indiana Code section 35-34-1-2(a)(5) provides that the information must state "the date of the offense with sufficient particularity to show that the offense was committed within the period of limitations applicable to that offense . . . ."

Here, Wilson has failed to establish that a variance, let alone a fatal one, occurred in this case. The evidence presented by the State during direct examination of W.M. did not include specific dates for the molestations. W.M.'s mother's testimony revealed that Wilson lived with the family twice during 2011. Thus, the jury could draw an inference from this testimony that the five incidents occurred during 2011. W.M. acknowledged that he did not "know [his] months . . . very well" and was '[n]ot that good" at recalling seasons. *Tr*. at 38. W.M. testified that one of the molestations occurred when he was outdoors wearing his swimming trunks. The jury could infer that the incident happened during Wilson's first stay with the family in 2011, which included the summer months. As for the dates when the other incidents occurred, defense counsel's cross-examination of W.M. established only that W.M. was unable to remember specific dates and was confused about months of the year.

Assuming *arguendo* that a variance occurred, such variance does not warrant a reversal. Although Wilson claims that the alleged variance prejudiced his preparation of a defense, Wilson never attempted to rely on an alibi defense. *See Ricketts v. State*, 498 N.E.2d 1222, 1224 (Ind. 1986) (variance regarding timing of the offense not fatal especially

5

given the lack of an alibi notice).  Wilson's defense at trial was to challenge W.M.'s credibility and to deny the incidents had occurred.  Additionally, Wilson was aware that the State was going to present evidence about molestations that had occurred throughout the period of time during which Wilson lived with W.M.'s family.  Thus, Wilson was not misled into the belief that the State's evidence would be limited to the timeframe set forth in the charging information.  The State could have obtained leave to amend the information to allege a broader range of dates.  Ind. Code § 35-34-1-5(c).  Wilson need not fear future prosecution for the same molestations because he could argue that he was protected against double jeopardy by application of the actual evidence test.  *Garrett v. State*, 992 N.E.2d 710, 720-21 (Ind. 2013).  Here, the evidence supported a broader range of dates than that supplied by the charging information, but did not conflict with the date range.  There was no fatal variance requiring reversal.  The trial court did not err.

Wilson also challenges the sufficiency of the evidence supporting his conviction, claiming that W.M.'s testimony was incredibly dubious.  When considering a challenge to the sufficiency of evidence supporting a conviction, we neither reweigh the evidence nor judge witness credibility.  *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005).  This review "respects 'the jury's exclusive province to weigh conflicting evidence.'"  *Id*. (quoting *Alkhalidi v. State*, 753 N.E.2d 625, 627 (Ind. 2001)).  Considering only the probative evidence and reasonable inferences supporting the verdict, we must affirm "'if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt.'"  *Id*. (quoting *Tobar v. State*, 740 N.E.2d 109, 111-12 (Ind. 2000)).

6

"Within the narrow limits of the 'incredible dubiosity' rule, a court may impinge upon a jury's function to judge the credibility of a witness." *Love v. State*, 761 N.E.2d 806, 810 (Ind. 2002). For testimony of a sole witness to be disregarded based on a finding of "incredible dubiosity," it must be inherently contradictory, wholly equivocal, or the result of coercion. *Id.* This rule is rarely applicable. *Id.*

W.M.'s testimony was neither inherently contradictory nor improbable, and it was not equivocal or coerced. W.M.'s testimony established that on two separate occasions Wilson fondled W.M.'s penis, on two separate occasions Wilson rubbed W.M.'s buttocks underneath his clothing, and that on one occasion Wilson touched W.M. on the nipples. Although defense counsel vigorously cross-examined W.M., exposing alleged inconsistencies between W.M.'s pretrial statements and his testimony, the inconsistencies and uncertainties were "appropriate to the circumstances presented, the age of the witness, and the passage of time between the incident[s] and the time of [his] statements and testimony." *Fajardo v. State*, 859 N.E.2d 1201, 1209 (Ind. 2007). W.M. was hesitant at the beginning of his testimony against Wilson, and was unsure of where to begin in his description of the incidents. However, once W.M.'s testimony was underway, W.M.'s testimony described the conduct establishing Wilson's offenses. W.M.'s testimony was not incredibly dubious.

Wilson also challenges his sentence contending that it is inappropriate in light of the nature of the offense and the character of the offender under Indiana Appellate Rule 7(B), which provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate

in light of the nature of the offense and the character of the offender." "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, the rule is an authorization to revise sentences when certain broad conditions are satisfied." *Purvis v. State*, 829 N.E.2d 572, 587 (Ind. Ct. App. 2005), *trans. denied*, *cert. denied* 547 U.S. 1026 (2006). The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of Rule 7(B) review is to "leaven the outliers," not to achieve a perceived "correct" sentence in each case. *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013); *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).

The sentencing range for a Class C felony is a fixed term of between two and eight years, with an advisory sentence of four years. Ind. Code § 35-50-2-6. Wilson received an eight-year sentence, but the trial court suspended two years of that sentence to probation. In his challenge of his sentence, Wilson does not present an argument about the nature of his offense. Thus, Wilson has waived review of his sentence because "revision of a sentence under Indiana Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of *both* the nature of his offenses and his character." *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (emphasis in original).

Waiver notwithstanding, Wilson repeatedly molested W.M., who was nine years old, and the child of a long-time friend. On one occasion, Wilson told W.M. not to tell his mother what had happened. With respect to Wilson's character, we observe that Wilson had a prior criminal history consisting of two felony and two misdemeanors convictions,

and that he had violated his probation on three occasions. Although Wilson had not been convicted of criminal behavior between 1995 and 2011, Wilson, by his own account, has abused illegal drugs including marijuana, cocaine, morphine, methadone, oxycontin, percocet, dilaudid, nucyenta, opana, and hydrocodone, among others, throughout his life. Wilson has failed to meet his burden of demonstrating that his sentence is inappropriate.

Although included in his argument alleging inappropriateness, Wilson also claims that one of the aggravating factors cited by the trial court is improper and that the trial court improperly balanced the aggravating and mitigating factors. A trial court no longer has a duty to balance aggravating and mitigating factors, and we will not reweigh the value assigned to those factors. *Anglemyer v. State*, 868 N.E.2d 482, 290-91 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). Wilson contends that the trial court should not have made a finding regarding the victim's age since it was an element of the offense. However, the record reflects that the trial court stated that it was not considering the element of the offense that the child was under fourteen years of age (Ind. Code § 35-42-4-3(b)), but the statutory aggravating circumstance that W.M. was under the age of twelve (Ind. Code § 35-38-1-7.1(a)(3)). The trial court did not err.

Affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.