LOWELL MAYNARD *v.* STATE OF INDIANA.

[No. 270S33. Filed November 1, 1971. Rehearing denied December 20, 1971.]

*Philip R. Melangton, Jr., Frederick J. Graf,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—Appellant was charged, by affidavit, with the offense of Burglary in the First Degree. A plea of not guilty was entered and appellant and his accomplice were tried jointly before a jury in the Marion County Criminal Court. The jury returned a verdict of guilty to the lesser included offense of Entering to Commit a Felony and appellant was sentenced to the Indiana State Prison for not less than one [1] nor more then ten [10] years and disfranchised for a period of four [4] years.

The facts of the case are as follows. Between the hour of 5:00 a.m. and 5:30 a.m. on Sunday morning, May 26, 1968, Mrs. Della Mae Greer was awakened by the presence of two strange men in her bedroom. She clearly saw one of the men who was standing over her bed because of a light, which she had left on near the door of the kitchen. She identified this man in open court as the appellant. She also identified appellant's accomplice who was standing near the door of the kitchen. Mrs. Greer then awakened her husband who was still asleep in the same bed with her. Shortly thereafter, appellant and his companion vanished out the back door of the house. Mr. and Mrs. Greer then took their children, who had been sleeping in another part of the house, to the home of Mr. Greer's sister where they called the police. A police officer, after making a preliminary inquiry and obtaining a description of the two men, made a search of the neighborhood and found a woman and three men parked in a car in an alley about three blocks away from the Greer home. The officer picked up one man and brought him to the Greers for identification. The man that the police picked up was not involved and the Greers so informed the police. Mr. Greer and a police officer took the man back to the car and then picked up appellant's accomplice further down the alley. Mr. Greer identified appellant's accomplice as one of the men who had been in his home. An arrest was made and the three men returned to the Greer home whereupon Mrs. Greer informed the policeman that she had just seen the man who had broke into her home go into the corner house. The policeman entered the house and found appellant in the bathroom at the rear of the house. This same house had been rented by appellant's accomplice one week prior. Both Mr. and Mrs. Greer identified appellant.

Appellant filed notice of alibi and his wife testified that he was home with her all night, however, appellant's accomplice, appellant himself and one Ruth Watterson all testified that the appellant was at the scene of the crime.

In the Brief presented to this court appellant makes four assignments of error on the part of the trial court. His first contention alleges that there was insufficient identification evidence to support the verdict of guilty of a lesser included offense. To support this allegation appellant argues that no reasonable juror could have believed the Greers identification of the appellant beyond a reasonable doubt. We find no merit in this contention. Credibility and sufficiency of evidence are not within this court's scope of review. This court has, in the past, and must in this case abide by the rule which states that this court will not weigh the evidence nor resolve questions of credibility, but will look to the evidence most favorable to the state and the reasonable inferences therefrom which support the verdict of the trial court or jury. *Washington* v. *State* (1971), 257 Ind. 40, 271 N. E. 2d 888; *Davis* v. *State* (1971), 257 Ind., 46, 271 N. E. 2d 893; *Grimm* v. *State* (1970), 254 Ind. 150, 258 N. E. 2d 407; *Sharp* v.. *State* (1970), 254 Ind. 435, 260 N. E. 2d 593; *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558; and *Langley* v. *State* (1968), 250 Ind. 29, 232 N. E. 2d 611. A conviction must be affirmed, if having applied the rule, there is evidence of probative value, from which the trier of the facts could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Gann* v. *State* (1971), 256 Ind. 429, 269 N. E. 2d 381 *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. Upon reviewing the transcript of the lower court's proceedings we find ample evidence of probative value from which the trier of facts could infer guilt on the part of the appellant, beyond a reasonable doubt.

Appellant's second assignment of error on the part of the trial court states that the court erred in refusing to separate and exclude the witnesses until after the witnesses were first sworn. The law is that the separation of witnesses is a matter within the discretion of the trial judge and such ruling will not be disturbed unless there is a manifest

abuse of said discretion. *Brown* v. *State* (1971), 255 Ind. 594, 265 N. E. 2d 699; *Butler* v. *State* (1951), 229 Ind. 241, 97 N. E. 2d 492; *Cincinnati, etc. R. Co.* v. *Little, Admr.* (1921), 190 Ind. 662, 131 N. E. 762. The appellant does not allege that the trial court abused its discretion and the court did grant appellant's request and ordered a separation of witnesses as soon as it was determined who the witnesses were. Under such circumstances we are unable to find any reversible error.

The third contention of the appellant is that the trial court erred in failing to declare a mistrial after the court admitted hearsay testimony into evidence. The transcript at page 236 in the testimony of Officer Jack H. Lyday sets out the following:

"A. The girl asked me what it was all about, and I explained to her that there had been a burglary and that he had answered a partial description of the burglar and he was not identified. Then I asked her where the other two subjects were that were standing there before and she said they had walked on down the alley, and she said that they was talking earlier about. . . .

"MR. MELANGTON: I am going to move to strike. This is hearsay. Now I assumed that they were all there together Your Honor, but he is getting off now to where they aren't.

"THE COURT: I think the motion is untimely, overruled. All right, go ahead.

"Q. Go ahead Officer.

"A. The girl had stated that the two subjects that had just left were talking about it earlier of robbing a place.

"Q. You mean earlier that evening?

"MR. MELANGTON: Now, I will move to strike that as hearsay, that is completely incompetent.

"THE COURT: Sustained, the answer is ordered stricken. The jury will disregard it."

Upon our reading of the relevant testimony in the transcript, we find that the potentially prejudicial hearsay state-

ments were objected to and were stricken by the court and the jury was ordered by the court to disregard the statements. The mere statement that two men, not identified, were walking down the alley, even though hearsay, is not of such prejudicial nature as to compel a mistrial, in our opinion. The testimony did not identify the appellant and, so far as the evidence is concerned, it could have been any other person. The testimony stricken was to a large extent volunteered by the witness and the court did all it could by directing the jury to disregard the statements. We must assume the jury followed the court's instructions. Such instances as this occur at times in most trials. Rarely is there a trial which is perfect, without some error. It has been held that:

> " '. . . [W]here improper evidence has been admitted over objection and the trial court subsequently withdraws such evidence from the consideration of the jury, it will be presumed that the error has been cured, unless the contrary is made to appear' " *Ross* v.. *State* (1933), 204 Ind. 281, 296, 182 N. E. 865, 870

*Warren* v. *State* (1941), 218 Ind. 378, 380, 33 N. E. 2d 105; *Temple et al.* v *State* (1964), 245 Ind. 21, 195, N. E. 2d 850. In this case we find no evidence which would lead us to believe that the jury did not disregard the evidence as ordered by the court. We therefore conclude that appellant's third contention is without merit.

Appellant's final contention is that the erroneous admission of hearsay testimony and prejudicial misconduct by the prosecuting attorney violated due process of law and denied appellant a fair trial. Unfortunately appellant has presented no evidence to substantiate his allegations. The transcript is barren of any evidence which would reveal even the slightest tint of impropriety on the part of the prosecuting attorney. The appellant's motion for a new trial was neither verified nor in affidavit form to support any fact or allegation presented in oral argument. No certified transcript of the record of the oral argument is before us,

nor showing of an objection or ruling and instruction of the court at the time. Therefore we have nothing before us upon which any error could be predicated as a result of anything said or done in the oral argument. In addition, this court has stated that the trial court is in better position than the Supreme Court to determine whether remarks of counsel conform to the rules of propriety, and where there is misconduct, to determine whether it is harmful to the complaining party. In the absence of a clear showing of prejudice or breach of discretion on the part of the trial court, judgment will not be set aside because of a charge of misconduct of counsel. *Soucie* v. *State* (1941), 218 Ind. 215, 31 N. E. 2d 1018. We find neither a showing of prejudice nor breach of discretion. Therefore we must conclude again that appellant's contention is without merit.

Judgment of the trial court is affirmed.

All judges concur.

NOTE.—Reported in 274 N. E. 2d 396.