BRUCE LEROY RUFER *v.* STATE OF INDIANA.

[No. 775S160. Filed March 2, 1976. Rehearing denied April 27, 1976.]

*James E. Burke,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *John D. Shuman,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted in a trial by jury of the offenses of accessory before the fact to the commission or attempt to commit a felony while armed and conspiracy to commit a felony (robbery). He was sentenced to imprisonment for a term of twenty (20) years upon the accessory charge and for an indeterminate period of from two (2) to fourteen (14) years upon the conspiracy charge. The charges arose out of his participation in an armed robbery in which one of the victims and one of the perpetrators were shot and killed. His appeal raises three issues:

(1) Correctness of the denial of Defendant's motions for mistrial for prosecutorial misconduct during jury voir dire examination and during trial.

(2) Correctness of the denial of motions for mistrial for prosecutorial misconduct during summation to the jury.

(3) Correctness of the denial of Defendant's tendered included offenses instruction.

## ISSUE I

During the voir dire examination of prospective jurors by defense counsel, one of the veniremen stated that it would be necessary to know whether or not the principal had been charged before he could determine the guilt of an accessory.

Subsequently, also during jury voir dire examination, the prosecutor identified a Mr. Gonderman, who was present in the court room, as the attorney for O'Conner, the principal. On two occasions during the examination of witnesses, the prosecutor made reference to Mr. Gonderman in such context, according to the defendant, as to identify him as the principal's lawyer. On each of such occasions, the defendant moved for a mistrial, charging that this was done to inform the jury, particularly the one above mentioned, that the principal had been charged with the crime.

Whether or not the principal had been charged with the crime was immaterial, as it would be no evidence of his guilt. We fail to perceive harm to the defendant, however, even if we concede the defendant's contention that the prosecutor's reference during witness examination so identified Mr. Gonderman—a concession we do not make. Assuming, for purposes of argument, that one or more of the jurors believed that an accessory should not be found guilty unless the principal was charged, such is, nevertheless, not the law. It was required that the jury find, beyond a reasonable doubt, that the principal did commit the crime for which the defendant was charged as an accessory, and the jury was so instructed. To have returned a verdict of not guilty because the principal had not been charged, notwithstanding proof beyond a reasonable doubt of all requisites of the crime, would have been error.

If the principal had in fact been charged and this fact were in evidence, the defendant would have been entitled to an instruction that such charge could not be regarded as evidence of the principal's guilt—just as he was entitled to an instruction that the charge against him did not constitute evidence. We agree with the defendant that whether or not the principal had been charged was irrelevant. However, if the inference that the principal had been charged was in fact deducible from the conduct complained of, we, nevertheless,

do not agree that he was thereby placed in a position of peril warranting reversal under *Robinson* v. *State,* (1973) 260 Ind. 517, 297 N.E.2d 409, 411.

## ISSUE II

Defendant made motions for mistrial during prosecutor's summation, one charging misconduct in expressing his personal opinion regarding the defendant's guilt and another for vilifying the defendant and attacking the defense counsel. We find no error in the trial court's rulings upon said motions.

Commenting upon the defendant's credibility, the prosecutor made the following statements:

"* * * I think almost everybody that testified was honest except one person and I bet it wouldn't take too long to figure that out. He stands up here and says * * *."

"He gave the police, he gave a different statement than he testified in Court from what he told them. He related how he was first interviewed by three people, then he denied any knowledge of this thing. I mean, when are we going to get the truth from somebody that wants to testify on the stand when he is being accused of a crime. He could have gotten up there and told the truth. He could have had some humility, some honesty, some integrity, some credibility * * *."

During his closing argument, the prosecutor said:

"The purpose of my closing is to rebut the remarks of Mr. Burke. It is not to bring up any new evidence that wasn't touched on before, so my remarks will be limited to the rebuttal of what Mr. Burke said. I try cases, but what I heard in this argument and what I heard of the testimony, I actually believe that Mr. Burke could believe the sky fell, and the theories that he came up with * * *."

The trial judge has wide latitude in determining whether or not a mistrial should be declared for alleged attorney misconduct, and absent clear error in such ruling, this Court will not reverse. *Maynard* v. *State,* (1971) 257 Ind. 336, 274 N.E.2d 396.

Lawyers should not assert their personal opinion as to

the guilt or innocence of the accused, but they may argue on their analysis of the evidence. Code of Professional Responsibility, D.R. 7-106(C)(4). In context, we do not regard the prosecutor's comments as implying personal knowledge. The case is not unlike *Swope* v. *State,* (1975) 263 Ind. 148, 325 N.E.2d 193, wherein Justice DeBruler wrote:

> "The prosecutor's statement of opinion must be considered in the context of the argument as a whole. In this instance, the prosecutor had presented his version of all the evidence and immediately explained the reason that he was convinced appellant was guilty: 'The evidence presented here is so convincing.' This statement adequately explained the source of the prosecutor's opinion and dispelled the possibility of the jury's assuming superior knowledge from the statement, 'We are close to the situation,' which otherwise would have been fatally improper. See also, Garrett v. State, (1973) [157] Ind. App. [426], 300 N.E.2d 696; Annot., 50 A.L.R.2d 766 (1956)." 325 N.E.2d at 196.

Although the prosecutor's sophomoric comments alluding to the defense counsel's alleged gullibility were far from models of professional decorum, we agree with the trial judge that they did not constitute conduct warranting a mistrial order.

## ISSUE III

Defendant's final assignment of error is that the trial court erred in failing to give the jury instructions on lesser included offenses, notwithstanding that he tendered no such instructions. It is his contention that Indiana Code § 35-1-35-1 (Burns 1975) mandates the trial court to give such instructions, whether or not tendered. We do not meet the question of the entitlement to such instructions under the circumstances of this case, as we have previously determined that the statute cited does not relieve a party from submitting desired instructions. *Barker* v. *State,* (1958) 238 Ind. 271, 150 N.E.2d 680.

The judgment of the trial court is affirmed.

Givan, C.J., Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 342 N.E.2d 856.