**Andrew Lee MORRIS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1078S224.**

Supreme Court of Indiana.

Jan. 24, 1980.

Stephen C. Haas, Evansville, for appellant.

Theodore L. Sendak, Atty. Gen., Victoria R. Van Duren, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of two counts of criminal deviate conduct, attempted rape, robbery, burglary and confinement.

The record reveals the prosecuting witness met her boyfriend, Sherman Pitt, in a local discotheque. At approximately 1:30 a. m. the couple went to Mr. Pitt's sister's apartment. Later two men entered the apartment while the couple was in bed. The woman was forced to commit sodomy with both men. One of the intruders raped her; the other one attempted to rape her. When the men departed they forcibly took the woman's watch and leather coat.

The intruders bound Mr. Pitt with an electric cord and a man's tie. They frequently checked on Mr. Pitt to assure that the bonds were secure. During one check Mr. Pitt had the opportunity to view one of the intruders as he turned on the bedroom light. Mr. Pitt had known the intruder for several years and identified him as the appellant. Although originally Mr. Pitt only knew the appellant's first name, he learned his last name upon inquiry.

The appellant claims there is insufficient evidence to support the jury's verdict. Appellant presented six alibi witnesses who testified that he was in their company at one time or another during early morning, when the crime was committed. Appellant argues that this evidence, when contrasted to the sole identification by Mr. Pitt, should raise a reasonable doubt in the minds of the jury.

■ When reviewing the sufficiency of the evidence this Court will not weigh the evidence or determine the credibility of witnesses. The conviction will be upheld if the record contains substantial evidence of probative value from which the jury could have inferred that appellant was guilty beyond a reasonable doubt. *Shipp v. State* (1976) 265 Ind. 108, 350 N.E.2d 619.

■ The evidence most favorable to the State is Pitt's identification of the appellant. This identification was based on Pitt's previous knowledge of the appellant. The testimony of the alibi witnesses was riddled with basic factual inconsistencies. The jury could have reasonably believed Pitt's identification and declined to believe the alibi testimony. We therefore hold the evidence is sufficient to sustain the jury's verdict.

■ Appellant claims the verdicts of guilty on all six counts are contrary to law because they impose double punishment. In making such a determination "[t]he ultimate focus is on the identity of the offenses, not on the identity of their source." *Elmore v. State* (1978) Ind., 382 N.E.2d 893, 897. The proper test for this analysis is whether each offense requires proof of an additional fact which the other does not. *Elmore, supra.* If the test is satisfied, double jeopardy provisions are not violated, albeit there is a substantial evidentiary overlap. *Inman v. State* (1979) Ind., 393 N.E.2d 767.

■ Although the offenses in this case spring from the same set of operative facts, sentences for attempted rape, burglary, robbery and confinement obviously do not constitute double punishment. Appellant was also found guilty of two counts of criminal deviate conduct. IC § 35–42–4–2(a) reads as follows:

"*Criminal deviate conduct.*—(a) A person who knowingly or intentionally causes another person to perform or submit to deviate sexual conduct when:

(1) The other person is compelled by force or imminent threat of force;

(2) The other person is unaware that the conduct is occurring; or

(3) The other person is so mentally disabled or deficient that consent to the conduct cannot be given;

commits criminal deviate conduct, a class B felony. However, the offense is a class A felony if it is committed by using or threatening the use of deadly force or while armed with a deadly weapon."

§ 35–41–1–2 defines deviate sexual conduct as "an act of sexual gratification involving a sex organ of one person and the mouth or anus of another person."

One count of criminal deviate conduct was based on the appellant causing the woman to perform fellatio. The other count was based on the appellant causing the woman to submit to anal intercourse. Under the statute, these two act were separate acts of deviate sexual conduct. Therefore the six verdicts do not impose double punishment.

Appellant argues that the prosecutor's remarks during final argument were so prejudicial as to deny him a fair trial. The prosecuting attorney made remarks concerning the credibility of the defendant and his witnesses and defense counsel's argument. To each of these, appellant's attor-

ney made timely objection, which the court overruled. Appellant specifically claims the prosecutor's remarks were improper because they expressed his personal opinions. The trial court also denied appellant's motion for a mistrial based on this alleged misconduct.

Appellant correctly cites the proper procedure for determining prosecutorial misconduct, as set forth in *Maldonado v. State* (1976) 265 Ind. 492, 355 N.E.2d 843. The Court first determines that the prosecutor in fact engaged in misconduct. This determination is made by referring to the disciplinary rules of the Code of Professional Responsibility and case law.

Appellant refers to DR7–106(C)(4) of the Code of Professional Responsibility, which states in part:

"In appearing in his professional capacity before a tribunal, a lawyer shall not:

\*    \*    \*    \*    \*    \*

(4) Assert his personal opinion . . . as to the credibility of a witness, . . . or as to the guilt or innocence of an accused; but he may argue, on his analysis of the evidence, for any position or conclusion with respect to the matters stated herein."

In *Swope v. State* (1975) 263 Ind. 148, 155, 325 N.E.2d 193, 196, we interpreted this language in the Code to mean that "it is not improper for a lawyer to state his conclusion, as long as he does not imply that he has personal knowledge of an accused's guilt or innocence."

The prosecutor expressed personal opinions on witnesses' credibility throughout his argument. He did not intimate, however, any superior knowledge on his part. These statements were conclusory based on evidence presented during the trial. Furthermore, the prosecutor stated:

"  .    .    .   if there is conflicting testimony, and there's sure been a bunch of it, you should reconcile it, if you can .   .. If the conflicts in the testimony cannot be resolved, you may believe one witness and disbelieve another. You may believe a part of what one witness says, and

disbelieve a part, but you should not disregard the testimony of any witness without good cause. You should give it such weight and credit as it is entitled to, considering the other testimony and the circumstances of the case."

Both attorneys attacked the other's argument. The prosecutor typified defense counsel's argument as "smoke, mud and wholecloth." This was in response to defense counsel's argument that the prosecutor had failed to call certain witnesses, implying an evidentiary gap. The trial judge stated that both attorneys had been given considerable leeway in their arguments when overruling their objections.

■ The trial judge has wide latitude in determining whether or not a mistrial should be declared for alleged attorney misconduct. Absent clear error, this Court will not reverse the trial court's ruling. *Rufer v. State* (1976) 264 Ind. 258, 342 N.E.2d 856; *Maynard v. State* (1971) 257 Ind. 336, 274 N.E.2d 396.

■ Although the prosecutor's expressions of personal opinion were indiscrete and his comments regarding the defense arguments "far from models of professional decorum" *Rufer*, 342 N.E.2d at 857, we hold that the prosecutor's comments did not constitute reversible error.

The trial court is in all things affirmed.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.