**Michael R. ASBELL, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1082S382.

Supreme Court of Indiana.

Oct. 2, 1984.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Judge.

This is a direct appeal from a conviction for burglary, a Class C felony, Ind.Code § 35–43–2–1, and from a habitual offender determination, Ind.Code § 35–50–2–8. The case was tried before a jury. Appellant was sentenced to a term of thirty-eight years.

Appellant raises four issues on appeal: (1) whether the trial court erred in denying his motion for mistrial; (2) whether he was denied due process of law and a fair trial by the State's refusal to disclose an alleged agreement with a chief witness, (3) whether the finding that he was a habitual offender must be vacated because the prosecutor and deputy prosecutor allegedly failed to disqualify themselves, (4) and whether the verdict finding him to be a habitual offender is contrary to law.

These are the facts that tend to support the determination of guilt. At approximately 3:20 a.m. on January 31, 1981, David Moffat of the French Lick Police Department observed a truck belonging to the Orange County Beverage Company traveling west on State Road 56. Moffat was familiar with the usual schedule of the company drivers and became suspicious that a truck should be out at that hour. When he followed the truck it sped up and several boxes full of beer fell off the back. The driver eventually pulled off onto a side road, stopped the truck, and fled on foot.

During the course of their investigation of several burglaries, the police questioned appellant's former brother-in-law, Ricky Fields. Fields admitted that he had assisted the appellant in various burglaries, and had held the garage door open for appellant when he took the beverage company truck on the night of January 31, 1981. Appellant was convicted of burglary and sentenced as a habitual offender.

(1) Appellant first argues that the trial court erred in denying his motion for mistrial made during the deputy prosecutor's redirect examination of Ricky Fields, a witness for the State. On direct-examination, Fields testified that he held a door open so that appellant could drive the beer truck

out of the beverage company's garage. On cross-examination, the appellant's counsel questioned Fields at great length regarding the extent of his knowledge of and participation in various burglaries instigated by appellant. Fields stated on cross-examination that he had assisted in the burglaries and had told the police about them. On redirect-examination, the following exchange occurred.

Q. Ricky, on cross-examination defense counsel kept talking about the Dan Pearcy Cheverolet break in. You gave information to the break in, did you not?

A. Repeat that again.

Q. Did you tell the police about that break in? You gave them information about that break in did you not?

A. Yeah.

Q. Now Ricky, to your knowledge, as a result of that break in and the information that you gave, was Mr. Asbell found

---

After this exchange, appellant objected and moved for a mistrial. The motion for mistrial was denied.

■■■ The trial court has wide latitude in determining whether a mistrial should be declared, and that absent clear error, its decision will not be overturned on appeal. *Dean v. State*, (1982) Ind., 433 N.E.2d 1172; *Morris v. State*, (1980) 272 Ind. 452, 398 N.E.2d 1284. On appeal, the accused must demonstrate that he was placed in a position of grave peril to which he should not have been subjected. *Morgan v. State*, (1981) Ind., 419 N.E.2d 964. We have also indicated the measurement of whether or not the defendant is placed in a position of grave peril is to be determined by looking at "the probable persuasive effect of the misconduct on the jury's decision, not by the degree of impropriety of the conduct." *Maldonado v. State*, (1976) 265 Ind. 492, 355 N.E.2d 843.

■■ The trial court sustained appellant's timely objection, thus ending the inquiry before the witness could allude to actual convictions. Therefore, since the question was incomplete and the reference to a possible conviction was vague, appellant was not placed in a position of grave peril to which he should not have been subjected. *See, Hopkins, supra; Tinnin v. State*, (1981) Ind., 416 N.E.2d 116. The trial court did not err in denying the motion for mistrial.

■■ (2) Appellant argues that the State's failure to prosecute Ricky Fields for his role in the instant offense establishes that he gave his testimony in exchange for this forbearance. In *Newman v. State*, (1975) 263 Ind. 569, 334 N.E.2d 684, the Supreme Court held that when the prosecutor relies upon the testimony of a coconspirator to obtain a conviction of the accused, the conspirator's credibility is an important issue in the case, and evidence of any understanding or agreement as to the future prosecution of the coconspirator must be disclosed. *Id.* at 573, 334 N.E.2d at 686. A valid claim of non-disclosure requires concrete evidence of an understanding or agreement, and mere speculation as to the circumstances surrounding a decision not to prosecute the witness is not sufficient. *Johnson v. State*, (1981) Ind. App., 423 N.E.2d 623, *Bivins v. State*, (1970) 254 Ind. 184, 258 N.E.2d 644.

■ Fields testified that he had not been arrested for his part in the instant offense or other break-ins he reported, and that no agreement had been made. Also, it is clear from the record that the jury was made aware of Fields' role in the burglaries and his cooperation in the police investigation which followed. Since there was no concrete evidence that there was an agreement between Fields and the State, appellant is not entitled to reversal for non-disclosure of such alleged agreement. Furthermore, appellant did not suffer any prejudice because the jury had sufficient knowledge of the facts and circumstances from which to determine the credibility of Fields' testimony.

■■ (3) Appellant argues that the determination that he is a habitual offender should be vacated because the Orange County Prosecutor and his deputy had defended him against two previous charges

which were offered to prove his recidivism. The precepts of professional ethics forbid participation of lawyer in prosecution of criminal case if by reason of his professional relations with accused, he acquired a knowledge of facts upon which prosecution is predicated or which are closely interwoven therewith. Code of Prof.Resp., Canons 4–6, *State v. Tippecanoe County Court,* (1982) Ind., 432 N.E.2d 1377. In accordance with these precepts, the trial judge appointed a special prosecutor to prosecute the habitual offender charge.

■ Appellant contends that in order to preserve the integrity of the Code of Professional Responsibility the special prosecutor should have been appointed at some earlier stage in the proceeding, before the actual decision to file the habitual offender charge was made. We disagree with appellant's contention. It is not essential for a special prosecutor to be appointed before the charges have been filed in order to prevent prosecutorial abuse or prejudice to a defendant because the special prosecutor has the discretion to dismiss the charges if there is any evidence of overreaching or unethical conduct on the part of the regular prosecutor's office. I.C. § 35–34–1–13.

The trial court did not err in appointing a special prosecutor after the charges had been filed.

■ (4) Appellant argues that the verdict finding him to be a habitual offender is contrary to law since it is a general verdict and since one of the four prior felonies alleged in the habitual offender count is an ineligible felony. The felony was ineligible because appellant had not been convicted and sentenced for it prior to the commission of the principal offense.

The Supreme Court considered a similar factual situation in *Miller v. State,* (1981) Ind., 417 N.E.2d 339. There the amended habitual offender count charged four felonies. The third and fourth were included over defendant's objection. However, at the time the principal felony was committed, the defendant had not been convicted or sentenced on the third or fourth felonies. The holding in *Miller,* supra is set out here.

"It is clear from the statute that to sustain a sentence under it, the State must show that the defendant had been previously twice convicted and twice sentenced for felonies, that the commission of the second offense was subsequent to his having been sentenced upon the first and that the commission of the principal offense upon which the enhanced punishment is being sought was subsequent to his having been sentenced upon the second conviction. Id. at 342.

Notwithstanding that competent evidence was admitted to support a finding that the defendant had accumulated two prior unrelated felony convictions, under this state of the record, it cannot be discerned which of the four alleged prior convictions provided the factual basis for the juries determination. Id. at 343

A general verdict cannot stand when the case was tried and submitted on two theories, one bona fide and the other not. Id. at 343.

The *Miller* case is not binding upon our decision in the case on appeal, because appellant, unlike *Miller,* did not raise the issue in a timely manner and preserve it for appeal. Appellant did not move to dismiss the information because of the inclusion of the ineligible felony, did not object to evidence of it at trial, and did not raise the question in his motion to correct errors. As a result we do not reach the merits of the issue here. We would be inclined to reach the merits even in the absence of a challenge in the trial court if on the face of habitual offender count it were clear that the State had not charged at least two legally applicable felonies, for in such case a high probability of a gross injustice would be manifest. However such is not the case here. The charging instrument contains at least two legally applicable felonies, and in cases such as this it is incumbent upon the accused to challenge prosecutorial reliance upon additional inapplicable felonies in some timely and legally acceptable manner. Due regard for the fact that inapplicable felonies are readily dis-

coverable and easily dealt with at the trial court level is at the basis of this challenge requirement.

The judgment is affirmed.

GIVAN, C.J., and HUNTER and PIVARNIK, JJ., concur.

PRENTICE, J., concurs and dissents with statement.

PRENTICE, Judge, concurring and dissenting.

I dissent to the majority opinion as it respects Issue (4) for the reason expressed in *Durham v. State*, (1984), Ind., 464 N.E.2d 321, 326. (Prentice, J., dissenting).

In all other respects, I concur.