**Keith GARREN, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 483S126.**

Supreme Court of Indiana.

Nov. 19, 1984.

Susan K. Carpenter, Public Defender, C.H. Gardner, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Robert K. Johnson, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a trial by jury, Defendant (Appellant) was convicted of Arson, a class B felony, Ind. Code § 35-43-1-1(a)(2) (Burns 1979) and was found to be an habitual offender. Ind. Code § 35-50-2-8 (Burns Supp.1984). He was sentenced to forty (40) years imprisonment. In his direct appeal he raises five (5) issues for our review:

(1) Whether the trial court erred in denying, in part, Defendant's petition to recuse the Prosecutor and his staff;

(2) Whether the trial court erred in admitting into evidence State's exhibit D, a photograph;

(3) Whether the trial court erred in failing to arraign the Defendant prior to trial;

(4) Whether Defendant was denied his right to effective assistance of counsel when his attorney failed to object to his going to trial without having been arraigned;

(5) Whether the evidence is sufficient to sustain the conviction for the crime of arson.

The record disclosed that on April 28, 1982, Defendant was incarcerated in the Tippecanoe County Jail. At approximately 8:30 p.m., he complained that his mother had been refused a visit and stated that he was going to tear the place apart. Shortly thereafter, the fire alarm sounded in the cell block in which Defendant was housed. Arriving at that cell block, the jailer saw heavy, black smoke and a fire in Defendant's cell. There were papers and cups burning on Defendant's mattress. He then removed two other inmates from the area. Defendant, however, refused to leave his cell and had to be forcibly removed. Approximately one dozen firemen arrived on the scene, and some of those men removed the smoldering mattress from Defendant's cell. A fire official determined that the fire had been intentionally set.

## ISSUE I

Approximately three months before trial, Defendant sought, by petition, to have the Prosecutor and his staff recused from this cause inasmuch as the Prosecutor had previously represented him in a

criminal cause upon which, in part, the instant habitual offender charge against him was based. The trial court granted the petition as to the habitual offender charge, but denied the petition as to the arson charge. Defendant assigns such ruling as reversible error.

The Defendant argues that our holding in *State ex rel. Meyers v. Tippecanoe County Court,* (1982) Ind., 432 N.E.2d 1377, mandates a reversal in the case at bar. The State relies upon our holding in *Havens v. State,* (1981) Ind., 429 N.E.2d 618, to support its position that the trial court did not err in its ruling. In *Meyers,* the prosecutor had represented the defendant in two prior theft cases which became the basis of an habitual offender charge. The trial court disqualified the prosecutor from prosecuting either phase of the trial. The prosecutor then filed a petition for writ of mandamus which this Court denied. In so doing, the Court observed:

"In this case, it appears that nothing in Meyers's representation of the accused in the two prior theft cases would have any relation to the present theft case. However, the habitual offender charge is based upon the same two prior theft cases in which Meyers was involved. Therefore, there is a substantial relationship involved. Although it is true, that the fact of the defendant's prior convictions are a matter of public record, we cannot say without speculation that the prosecutor's knowledge of those prior cases will not actually result in prejudice to defendant. The public trust in the integrity of the judicial process requires us to resolve any serious doubt in favor of disqualification. The trial court properly held that prosecutor Meyers must be disqualified in this case."

*State ex rel. Meyers v. Tippecanoe County Court,* 432 N.E.2d at 1379. In *Havens,* the deputy prosecutor had represented the appellant in the actions which were alleged as the basis of the habitual offender charge. The trial court disqualified the deputy prosecutor from representing the State upon the habitual offender charge, but denied the motion with respect to the substantive offense. The appellant argued that the trial court's ruling was erroneous. This Court, however, reasoned that inasmuch as the appellant had not shown that the prosecutor had acquired any knowledge through his past professional relationship with the appellant upon which the prosecution on the substantive offense in the case was predicated, there was no error in allowing the prosecutor to act during that phase of the trial.

The situation in *Havens* appears to be identical to the one in the case at bar; however, Defendant argues that inasmuch as *Meyers* upheld the disqualification of the prosecutor as to both phases of the case and was decided one year after *Havens,* its holding controls the decision here. We do not agree. The fact that this Court denied the writ of mandamus in *Meyers* does not necessarily imply that we would have found reversible error if the trial court had allowed the prosecutor to act on the substantive charge in the case. Moreover, since the decision in *Meyers,* this Court has had occasion to address this issue a third time. In *Sears v. State,* (1983) Ind., 457 N.E.2d 192, the appellant sought to have a special prosecutor appointed because the prosecutor had represented him in at least one of the cases which was listed in the habitual offender charge. A special prosecutor was appointed only for the habitual offender phase of the proceedings. This Court upheld the ruling of the trial court upon the following reasoning:

"The purpose of appointing a special prosecutor in cases such as the one at bar is to prevent the prosecuting attorney from using, to his former client's detriment, information obtained from the client in confidence. *Havens, supra,* Issue I. A special prosecutor is necessary only when the accused can demonstrate that, by reason of his former confidential relationship with the prosecutor, the prosecutor has acquired special knowledge of the facts being litigated, or facts which are closely interwoven therewith. *State ex rel. Meyers v. Tippecanoe County Court,* (1982) Ind., 432 N.E.2d

1377. In *Meyers,* we held that where the habitual offender charge against the defendant was based upon two prior theft cases in which the prosecutor had represented the defendant, the prosecutor had to be disqualified and a special prosecutor appointed in his place. Thus, the trial court acted properly in appointing a special prosecutor to proceed in the habitual offender phase of the trial.

"As for the defendant's argument that the prosecutor should have recused himself from the trial of the perjury charge because he represented the State in the trial at which the defendant committed the perjury, it is obvious that the defendant did not confide in the prosecutor at that time and the prosecutor was not representing the defendant at that time. The prosecutor owed no duty to the defendant and did not acquire any special knowledge from him. The defendant fails to show any information that the prosecutor might have gleaned from him during the course of their attorney-client relationship which he might have used during the perjury trial. The appointment of the special prosecutor for the habitual offender phase was sufficient to avoid even the appearance of impropriety. No error was committed."

*Id.* at 195.

Similarly, in the case at bar, the Defendant has failed to show that the Prosecutor obtained information from him in confidence which was relevant to the facts of the arson prosecution. We find no error in the court's ruling.

■ In addition, Defendant argues that the Prosecutor had an interest in the case which "at worst impaired his independent professional judgment or at best created the appearance of impropriety." (Brief of Appellant at p. 20). Specifically, he argues that as a result of prior representation the Prosecutor was hostile and antagonistic toward him and had used "unnecessary rigor" in his prosecution of him. The State argues that such evidence is irrelevant to the issue on appeal, and we agree.

## ISSUE II

■ Defendant objected to the introduction of State's exhibit D, a photograph of the cell block at issue, after the foundation witness stated that the photograph was not an accurate and true depiction of the cell block on April 28, 1982, in that magazines, books, and towels which had not been present at the time of the offense were depicted in the photograph. The objection was overruled, and the exhibit was admitted into evidence.

Defendant acknowledges that in order to obtain a reversal on this issue he must show that the court abused its discretion by allowing clearly prejudicial evidence before the jury. *Gee v. State,* (1979) 271 Ind. 28, 37, 389 N.E.2d 303, 310. He then reasons that the photograph was prejudicial because one of the material issues at trial was whether the evidence was sufficient to establish that Defendant's actions endangered human life and the photograph displayed additional flammable materials which were not present on the night of the fire and which would tend to prove a necessary element of the crime.

The jury, however, was made fully aware of the fact that the additional items had not been present on the day of the crime and that in all other respects the photograph depicted the cell block accurately; hence, the jury was not misled by the photograph which was relevant to assist the witness in giving his testimony. We fail to see how Defendant was harmed by its admission.

## ISSUES III & IV

■ It appears from the record that Defendant was never arraigned. He first argues that such omission constitutes reversible error. However, a defendant is required to object prior to trial to the failure to arraign him in order to invalidate his conviction on appeal on this ground. Ind. Code § 35–4.1–1–1(d) (Burns 1979) (since repealed); *Heartfield v. State,* (1984) Ind., 459 N.E.2d 33, 36–37, and this he did not do.

Defendant asserts, however, that he had asked his attorney to make the appropriate objection prior to trial but that his attorney advised him to make his objection on appeal. Consequently, Defendant argues that he was denied the effective assistance of counsel in that his attorney should have known that Ind. Code § 35–4.1–1–1(d) explicitly requires an objection before trial in order to prevail on appeal. This failure, he claims, constitutes a "lack of adequate preparation concerning rules of law necessary to preserve his client's rights." (Brief of Appellant at p. 27).

■ In determining whether a defendant has been denied the effective assistance of counsel, the reviewing court must determine whether, in light of all the circumstances, the acts or omissions of which a defendant complains are outside "the wide range of professionally competent assistance." *Strickland v. Washington*, (1984) —— U.S. ——, ——, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674, 695. However, even if the attorney's error is professionally unreasonable, the court need not set aside the conviction if the error had no effect on the judgment. —— U.S. at ——, 104 S.Ct. at 2067, 80 L.Ed.2d at 696. Moreover, the court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." —— U.S. at ———–——, 104 S.Ct. at 2069–2070, 80 L.Ed.2d at 699–700.

■ We base our holding today that Defendant was not denied the effective assistance of counsel on our finding that Defendant could not have been harmed by the omission of the attorney, if, in fact, the attorney became aware, prior to trial, that Defendant had not been arraigned. The Defendant was tried as on a plea of not guilty and was adequately represented by counsel throughout the proceedings.

## ISSUE V

■ Ind. Code § 35–43–1–1(a)(2) provides, in pertinent part:

"(a) A person who, by means of fire ..., knowingly or intentionally damages: ... (2) Property of any person under circumstances that endanger human life; ... commits arson, a Class B felony."

Defendant argues that the evidence is insufficient to sustain the conviction because the State failed to establish that circumstances endangered human life.

In *Pedigo v. State*, (1982) Ind.App., 443 N.E.2d 347, the Court of Appeals addressed a similar argument as follows:

"Pedigos argues that the evidence is insufficient to establish that human life was endangered. We disagree. A bomb was exploded in the van on a residential street by the Theriac home and pieces of metal, glass, shrapnel and debris struck the house, one piece penetrating the siding. Persons in front of the window in the house, or innocent pedestrians could have been fatally injured. The gas tank of the van could have exploded causing a major fire. These matters, in our opinion, endanger human life. Endanger means *to expose to harm. Webster's Seventh New Collegiate Dictionary* (1972)."

*Id.* at 350 (emphasis added).

Similarly, in the case at bar, the fire in a locked jail cell in a cell block containing other prisoners could have produced smoke, toxic fumes, and/or flames which would endanger human life. In fact, three different witnesses who were in the cell block at the time of the fire stated that they encountered some difficulty breathing.

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses." (citations omitted).

*Loyd v. State*, (1980) 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S.

881, 101 S.Ct. 231, 66 L.Ed.2d 105. The evidence in the case at bar is sufficient to sustain the conviction.

### SUA SPONTE ISSUE

Defendant was sentenced to ten (10) years imprisonment upon the arson conviction and to a consecutive term of thirty (30) years imprisonment upon the habitual offender finding. As we have held on several occasions, the correct sentence would be a ten year sentence enhanced by thirty years upon the habitual offender finding, for a sentence of forty (40) years for arson. *See Wilson v. State,* (1984) Ind., 465 N.E.2d 717, 721; *Short v. State* (1982) Ind., 443 N.E.2d 298, 301; *Yager v. State,* (1982) Ind., 437 N.E.2d 454, 457.

This cause is remanded for correction of the sentence. In all other respects the judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.