**Charles ENGLISH, Jr., Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 2–1284A371.

Court of Appeals of Indiana, Fourth District.

Aug. 13, 1985.

Rehearing Denied Sept. 4, 1985.

---

Mark D. Maynard, Anderson, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Presiding Judge.

Charles English, Jr. appeals his conviction for robbery. We reverse.

The issue presented is whether the trial judge erred in failing to grant a mistrial after a state's witness made reference to a prior offense committed by English in violation of the court's order not to do so.

Before the state presented its case, the trial judge granted English's motion for an order in limine prohibiting the state's witnesses from commenting upon any prior offenses committed by English. While considering the motion the following discussion took place between the prosecutor, the defense counsel and the trial judge:

> DEFENSE COUNSEL: I just don't want any reference made that they're some kind of mug shot in reference to some kind of crime that he may have committed in the past.
>
> THE COURT: Okay, the reference ...
>
> PROSECUTOR: *Well, I don't believe he ever committed any crimes in the past, but ...*
>
> THE COURT: The reference ... Beg pardon?
>
> PROSECUTOR: *I don't think he committed any crimes in the past I know of here.*
>
> THE COURT: Okay. The reference to prior crimes will be sustained in motion in limine.
>
> PROSECUTOR: I would ask though clarification on his motion in limine. He just said it's not an infamous crime, but he didn't say what crime he was talking about.
>
> DEFENSE COUNSEL: I'm not really sure. It has something to do with possession of some kind of controlled substance, but it's been ten years ago. I think it's neither an infamous crime and it's too remote to bear on credibility, but I'll make that motion if and when the defendant testifies. [emphasis added.]

The state then called its witness Delaney, the investigating officer who despite the order in limine and being instructed not to testify regarding prior offenses was questioned by the prosecutor as follows regarding his conversation with a victim of the robbery:

PROSECUTOR: Did he indicate to you how he had known him [English]?

WITNESS: Uh, yes sir, he did. He stated that the individual had been in the station usually two or three times a week.

. . . .

PROSECUTOR: *Was there anything said in reference to him [English] being in the station before?*

WITNESS: *Uh, yes sir, uh . . .*

PROSECUTOR: What was that?

WITNESS: *He did state that this was the second time that he had been robbed by Mr. English.* [emphasis added.]

We have recently addressed a claim that an evidentiary harpoon warrants a mistrial. In reviewing similar claims, our supreme court has distinguished between cases in which the alleged misconduct concerned 'general fairness in the trial proceedings' and those in which the prosecutor introduced a highly prejudicial evidentiary harpoon. *Davis v. State*, (1981) [275] Ind. [509] 418 N.E.2d 203, 205; *Hightower v. State*, (1973) 260 Ind. 481, 296 N.E.2d 654, *cert. denied*, (1974) 415 U.S. 916, 94 S.Ct. 1412, 39 L.Ed.2d 470. When the asserted misconduct affects merely the general fairness of the trial, there is a strong presumption that the jury was able to follow the trial court's admonitions. *Davis v. State, supra*, [418 N.E.2d] at 205. Where the prosecutor has introduced an evidentiary harpoon, however, 'we . . . require a high level of assurance that the irregularity did not affect the verdict before we will affirm the judgment.' *Id.* (quoting *Hightower, supra*, at 489, 296 N.E.2d at 659).

[2] In assessing an evidentiary harpoon's impact on the jury's verdict, we must consider whether there was a serious conflict in the evidence, whether the witness implicated the defendant in other crimes directly or only indirectly, and the extent to which the trial court admonished the jury. *See Davis, supra.* Under these criteria, a trial court's decision to deny a mistrial has been upheld where

the evidentiary harpoon was inadvertent, the defendant's involvement in other crimes was indicated only vaguely, and the trial judge not only admonished the jurors but polled them to determine whether they would be able to obey the judge's admonition. *Id.* On the other hand, a trial court's denial of a mistrial has been reversed where the evidentiary harpoon was intentional and the evidence as to the defendant's guilt was in conflict. *White v. State*, (1971) 257 Ind. 64, 272 N.E.2d 312.

*Smith v. State* (1984), Ind.App., 471 N.E.2d 733, 735–36.

■ Under these standards, we find that the trial court erred in not granting English's motion for mistrial. The prosecutor represented to the trial judge that he knew of no prior crimes and then proceeded to inquire of the witness regarding a prior robbery of the witness by English, contrary to the order of court not to do so. In addition, an alibi defense was interposed. The evidence of who committed the crime was thus in conflict. Instructions to the jury to disregard improper evidence of prior crime cannot cure such mistakes in instances where the evidence is in serious conflict. Evidence of English's involvement in prior crime was inadmissible by order of the trial court and prejudicial to his right to a fair trial.

Reversed and remanded.

MILLER, J., concurs.

CONOVER, J., dissents with opinion.

CONOVER, Judge, dissenting.

I respectfully dissent.

The majority holds the trial court erred by failing to declare a mistrial after the officer presented evidence of another crime because such evidence constituted an improper and deliberate "evidential harpoon." I disagree.

Evidence tending to show an accused's separate, independent, and distinct crimes is inadmissible to prove guilt of the present crime for which he is being tried. How-

ever, an exception to this rule allows such evidence to be admitted if it tends to prove an accused's identity, knowledge, intent, motive, or common scheme or plan. *Jenkins v. State* (1985), Ind., 474 N.E.2d 84, 88; *McEachern v. State* (1985), Ind.App., 474 N.E.2d 1034, 1036.

A trial court exercises its discretion in determining whether to grant a motion for a mistrial when improper evidence of past crimes is admitted. *See, Coble v. State* (1985), Ind., 476 N.E.2d 102, 105; *Wagner v. State* (1985), Ind., 474 N.E.2d 476, 489; *Fultz v. State* (1985), Ind.App., 473 N.E.2d 624, 628. We reverse a trial court's determination only if a defendant on appeal demonstrates he was placed in a position of grave peril to which he should not have been subjected as a result of the admission of the improper evidence. *See, Wilhelm v. State* (1983), Ind., 455 N.E.2d 595, 598.

However, an admonition to the jury usually is presumed to cure any errors in the admission of evidence. Thus, the trial court's failure to grant a mistrial under these circumstances generally is not reversible error. *Brendel v. State* (1984), Ind., 460 N.E.2d 919, 921; *Beal v. State* (1983), Ind., 453 N.E.2d 190, 193.

English cites both *White v. State* (1971), 257 Ind. 64, 272 N.E.2d 312 and *Smith v. State* (1984), Ind.App., 471 N.E.2d 733 in which criminal convictions were overturned as a result of the prosecutor wielding an "evidential harpoon."

In *White*, our supreme court discussed the dangers of the "evidential harpoon", saying

> The volunteering by police officers of inadmissible testimony prejudicial to the defendant has been condemned time and again by both state and federal courts.... *"This type of testimony has often been referred to as an 'evidential harpoon' that has been wilfully jabbed into the defendant and then jerked out by an admonition to the jury not to consider the same."*

*quoting Gregory v. United States* (1966), 369 F.2d 185, 190 and *Wright v. State* (1958), Okla.Crim.App., 325 P.2d 1089,

1093. In *Smith*, this district likewise reversed a burglary conviction where a prosecutor elicited testimony from a State's witness on rebuttal. The trial court previously had ruled such evidence would be inadmissible. In both cases, the respective courts found the evidence pointing to the defendant's guilt was conflicting enough to allow the jury to be influenced by improper testimony coming in under an evidential harpoon despite the trial court's admonishment to disregard it. See *White, supra,* 257 Ind. at 76, 272 N.E.2d at 319; *Smith, supra,* 471 N.E.2d at 736. More importantly, the prosecutors in both cases were determined to have elicited the prejudicial testimony intentionally.

Before the State here proceeded with its case-in-chief, defense counsel moved for a motion in limine regarding evidence of offenses English allegedly committed in the past. The prosecutor requested a clarification of the alleged crimes to be prohibited by the motion in limine. Defense counsel replied:

> I'm not really sure. It has something to do with possession of some kind of controlled substance, but it's been ten years ago. I think it's neither an infamous crime and it's too remote to bear on credibility, but I'll make that motion if and when the Defendant testifies.

Later, the State called officer Delaney, the State's investigator, in its case-in-chief. He testified one of the robbery victims, an eyewitness to the robbery, told him he knew the robber. He had been in the gas station two to three times a week previously. After telephoning a friend, this victim gave Delaney the named Charles English as the perpetrator. Then Delaney testified

> Q  Now did he ... did Mr. Reagan explain why it was that he was calling this particular individual?
>
> A  Yes sir, he did, uh ...
>
> Q  And what did he say? What was his reason?
>
> A  He stated that the individual that he called had worked with Mr. English at Brockway Glass in Lapel.

Q  Was there anything said in reference to him being in the station before?

A  Uh, yes sir, uh ...

Q  What was that?

A  He did state that this was the second time that he had been robbed by Mr. English.

Thus the evidence indicated the victim was able to identify the perpetrator based on the fact he had seen him in the station previously. However, the eyewitness had to call a friend to refresh his recollection as to the perpetrator's name. Outside the jury's presence, Delaney testified how the prosecutor warned him not to mention any prior crimes committed by English.

These facts do not amount to an intentional evidential harpoon as was the case in *White* and *Smith.* Delaney was not called solely to introduce inadmissible and prejudicial testimony. Rather, he was one of the investigating officers who described the events surrounding the robbery.

English and three other defense witnesses presented an alibi defense. Their testimony placed English elsewhere from dusk until 9:00 P.M. on the day of the robbery. The robbery occurred around 7:30 P.M. in December, 1983. Thereafter the State presented rebuttal evidence which conflicted with the evidence presented by English and his alibi witnesses.

A jury may disbelieve an alibi if the State's evidence is credible. The State bears no burden to rebut a defendant's alibi. *Thomas v. State* (1982), Ind., 436 N.E.2d 1109, 1111. Furthermore, the mere fact a defendant raises an alibi defense does not preclude a finding the State's evidence is sufficient to support a conviction for the crime charged. *Williams v. State* (1982), Ind., 431 N.E.2d 793, 795. This is true especially where a witness bases his identification of the perpetrator on his previous knowledge of the perpetrator. *See, Morris v. State* (1980), 272 Ind. 452, 453, 398 N.E.2d 1284, 1286.

The jury chose to disbelieve English's alibi evidence. Further, the State presented two eyewitnesses who identified English as the perpetrator. Independently, they each picked English's photograph from a photographic array. I cannot say the evidence here was so close the jury could have been influenced by any error in the admission of evidence. If error, it was harmless under these facts. The trial court's admonishment sufficiently cured any error in this regard and its denial of English's motion for a mistrial was proper.

I would affirm the trial court.