Leroy **HUBBARD**, Appellant
(Petitioner below),

v.

**STATE of Indiana**, Appellee
(Respondent below).

No. 1085 S 405.

Supreme Court of Indiana.

Feb. 2, 1988.

Susan K. Carpenter, Public Defender, Linda Rodriguez-Torrent, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Petitioner Hubbard appeals the denial of his Petition for Post-Conviction Relief, which denial was based on a finding Hubbard waived his right to challenge the conduct of the prosecuting attorney by omitting this issue from his direct appeal.

On September 30, 1980, Hubbard was convicted of battery as a class C felony, and was also found to be a habitual offender on October 1, 1980, following a jury trial in Wabash Circuit Court. On November 12, 1980, the trial court sentenced Hubbard to a determinate term of eight (8) years on the battery charge with an enhancement of thirty (30) years on the habitual offender finding. Hubbard's initial attorney for pretrial proceedings was Patrick J. Roberts. At arraignment Attorney Roberts objected to Prosecutor Larry Thrush continuing in the case due to Thrush's prior representation of Hubbard as defense counsel in Cause No. CR-76-63, which cause was an underlying prior conviction used as one of the two felonies to support the habitual offender finding. Attorney Roberts later withdrew because of illness and Attorney Richard L. Swartz appeared on Hubbard's behalf on March 13, 1980, continued as his attorney throughout the trial and completed the direct appeal in this cause. Hubbard did not advise Swartz that the prosecutor had been his defense attorney in one of the underlying causes, but Swartz testified at the post-conviction hearing he was aware of the situation but, as a matter of tactics, chose not to raise the question. It was his appraisal the prosecuting attorney was not an experienced trial lawyer and Swartz determined that if a special prosecutor took the case during the habitual phase, he might be a much more experienced one and increase the risk of a habitual offender finding.

Both of the underlying convictions were placed into evidence based on court and institutional records. Defense counsel objected only to a statement made by the prosecutor during final argument. In his final argument, defense counsel attempted to convince the jury it would be improper to find Hubbard to be a habitual criminal and give an additional thirty year sentence to one so young. He discussed Hubbard's criminal record and contrasted it favorably to those of older, more hardened criminals who were deserving of additional time because of the seriousness and violence of their crimes. He attempted to show Hubbard was not such a criminal and did not require such lengthy confinement. In re-

buttal, the prosecutor stated: "Ladies and gentlemen I totally disagree with Mr. Swartz's characterization of this person as not being a person that has devoted his life to crime. I have been an attorney for seven years and I've known him ever since I've been an attorney, his life is dedicated to crime and I don't believe. . . ." Here the prosecutor was interrupted by defense counsel's objection and motion for a mistrial. The trial court found the remark did not merit a mistrial and admonished the jury to disregard all matters other than evidence they had heard in reaching a verdict. This issue was raised on appeal on a claim the trial court abused its discretion in refusing to grant a mistrial due to the highly prejudicial effect of the prosecutor's remark. *Hubbard v. State* (1982), Ind., 437 N.E.2d 52. We found the trial court properly handled the situation since it represented nothing more than attorneys arguing the theories of their clients' positions. We also found proper the court's admonishment since the defendant could not have been deemed to have been placed in a position of grave peril, and cited *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843.

In his petition for post-conviction relief, Hubbard claimed as error a conflict of interest in that the prosecuting attorney had once represented him in one of the underlying felonies for the habitual offender charge. Neither in his petition nor during the trial did Hubbard make mention of ineffective representation of counsel. It was not until final argument on the petition that counsel for petitioner voiced any claim of ineffective representation, and then only as a rebuttal to the prosecution's waiver argument. Counsel for petitioner pointed out the same attorney tried the cause originally and perfected the appeal, and therefore would not likely claim himself to be ineffective. The State pointed out the issue had not been raised either on direct appeal or in the present post-conviction hearing, that both trial counsel and Hubbard were well aware of the situation prior to and during the trial, and that the issue had not been overlooked by counsel but was not addressed for tactical reasons. The post-conviction trial judge found Hub-

bard and his trial attorney were aware of the prosecuting attorney's conflict of interest before and during the trial, failed to raise the issue in direct appeal and therefore waived the issue, and Hubbard then was not entitled to post-conviction relief. The court made no mention in its judgment regarding the ineffective assistance referred to in counsel's closing argument. In his motion to correct error and in this direct appeal, Hubbard claims the post-conviction court erred, claiming the issue of prosecutorial disqualification was not raised in the direct appeal due to ineffective assistance of trial counsel. It is Hubbard's claim that due to the existence of ineffective assistance of counsel the trial court erred in finding Hubbard waived the issue of prosecutorial disqualification.

In *State ex rel Meyers v. Tippecanoe County Court* (1982), Ind., 432 N.E.2d 1377, this court found it was proper for a trial judge to disqualify a prosecuting attorney on a habitual offender charge if that prosecutor had represented the defendant in one or both of the underlying felonies used to support the habitual offender finding.

> Although it is true, that the fact of the defendant's prior convictions are a matter of public record, we cannot say without speculation that the prosecutor's knowledge of those prior cases will not actually result in prejudice to defendant. The public trust in the integrity of the judicial process requires us to resolve any serious doubt in favor of disqualification. The trial court properly held that prosecutor Meyers must be disqualified in this case.

*Id.* at 1379.

This rule has been adopted as the most prudent practice. *Sears v. State* (1983), Ind., 457 N.E.2d 192; *Garren v. State* (1984), Ind., 470 N.E.2d 719; *Asbell v. State* (1984), Ind., 468 N.E.2d 845. In *Sears* and *Garren* the respective prosecutors, who previously represented the defendants, withdrew from participation in the habitual proceeding itself but the defendants sought their total disqualification from the current charge to which the sen-

tence enhancement could be applied. This argument of further disqualification was rejected in both cases. In *Asbell,* the defendant contended the special prosecutor should have been appointed before the decision was made to file the habitual offender charge. This proposal was also rejected. Hubbard cites *Langley v. State* (1971), 256 Ind. 199, 267 N.E.2d 538 to support his contention under P.C. Rule 1 waiver can be collaterally attacked by showing ineffective assistance of counsel. In *Langley,* this Court stated that in a P.C. 1 petition a question of waiver may be presented as a defense to the petitioner's claim. It further explained that a petitioner must then present some substantial basis or circumstance which would satisfactorily mitigate his failure to pursue or perfect a remedy through the normal procedural channels, that is, rebut the legal validity of the waiver defense. *Langley* provided:

> Although we do not purport to articulate a list of the bases for such a collateral attack, it is clear that one such persuasive circumstance, if adequately proved, would be the ineffective assistance of counsel. Clearly it would be inappropriate to assert a binding waiver against a petitioner where it could be shown that the alleged waiver resulted from ineffective assistance of counsel whether during pretrial proceedings, at trial or following trial in the preparation of an adequate motion to correct errors.

*Id.,* 267 N.E.2d at 545.

We see no error in the trial court's judgment here. Hubbard and both of his attorneys were well aware of the prosecutor's situation all during the proceedings. At arraignment, Attorney Roberts objected to Prosecutor Thrush continuing in the case after Hubbard advised Roberts of Thrush's situation. The rejection of disqualification at that time was proper. *Sears,* 457 N.E. 2d 192; *Garren,* 470 N.E.2d 719; *Asbell,* 468 N.E.2d 845. Trial attorney Swartz made no motion for disqualification at the habitual offender stage even though he was well aware of it. His decision not to seek a special prosecutor who might be more experienced and better able to present the issues on behalf of the State

was one of strategy and tactics, and does not indicate ineffectiveness or incompetence under the circumstances. The record shows the prior conviction was put into evidence based on court and institutional records and not by any device occasioned by the prosecutor's prior knowledge. Furthermore, *Meyers,* 432 N.E.2d 1377, had not yet been decided in 1980 when the instant cause was tried. We can hardly label counsel ineffective for failing to recognize a principal which was not resolved by this court until two years later. The post-conviction judge was justified in finding that all during these proceedings Hubbard and his attorneys were well aware of the conflict of interest issue involving the prosecuting attorney and made a conscious and knowing judgment not to raise the issue on direct appeal. As a matter of fact, the issue was not raised in the petition for post-conviction relief Hubbard filed *pro se.* Hubbard and his attorney failed to present the issue during the hearing, and referred to the issue for the first time during final argument to rebut waiver. The rule in *Langley* is a sound one. It gives a criminal defendant an opportunity to show he did not waive an issue on direct appeal or in a previous post-conviction petition because the ineffectiveness of his counsel was such that he did not recognize the issue, and therefore his counsel was incompetent in failing to recognize and raise it. Such is not the case here.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.